UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS N. REICHERT, et al.,

    Plaintiffs,

v.

BAKERY, CONFECTIONARY,
TOBACCO WORKERS and GRAIN
MILLERS PENSION COMMITTEE, et
al.,

    Defendants.

Case No. 2:23-cv-12343

HONORABLE STEPHEN J. MURPHY, III

/

**OPINION AND ORDER GRANTING MOTION TO DISMISS [23]**

Plaintiffs Thomas Reichert, Stuart Buck, and Kenneth Henrich, on behalf of themselves and others similarly situated, sued Defendants Bakery, Confectionary, Tobacco Workers and Grain Millers Pension Committee, Kellanova, WK Kellogg Company, Kellanova Pension Plan, and John Doe and alleged that Defendants' pension plans violated the Employee Retirement Income Security Act (ERISA). ECF 22. Specifically, Plaintiffs alleged that Defendants used outdated mortality tables and outdated assumptions when they converted Plaintiffs' single life annuities (SLAs) to joint survivor annuities (JSAs) and thereby violated ERISA's actuarial equivalence requirements. *Id.* at 120; *see* 29 U.S.C. § 1055(d). Plaintiffs also alleged that the ERISA violation constituted a breach of fiduciary duty. ECF 22, PgID 119. Defendants moved to dismiss the complaint and the Court held a hearing. ECF 23, 32.

1

## LEGAL STANDARD

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430. But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

## DISCUSSION

Defendants raised several arguments in their motion to dismiss, but the Court need only address one dispositive issue: whether ERISA requires Plan administrators

2

to regularly update the assumptions and mortality tables used in the actuarial equivalence calculation so that the assumptions are "reasonable." Plaintiffs' complaint challenged decades-old formulas based on fifty-year-old mortality data. ECF 22, PgID 120. Plaintiffs argued that reliance on the outdated data was unreasonable and violated ERISA's actuarial equivalent requirement. *Id.* Defendants countered that the statute does not contain any reasonableness requirement, and there is no requirement in ERISA that Defendants regularly update their tables. ECF 23, PgID 191. The Defendants are correct, and the Court agrees with their statutory interpretation analysis.

ERISA requires qualified JSAs to be actuarially equivalent to the SLA offered. *See* 29 U.S.C. § 1055(d). In other words, when converting a SLA into a JSA, ERISA requires the resulting JSA to be the "actuarial equivalent" of the SLA. *Id.* Although ERISA does not define actuarial equivalence, Plaintiffs argued that achieving actuarial equivalence requires equal present values for both types of benefits. ECF 29, PgID 812 (*citing Stephens v. U.S. Airways Grp., Inc.*, 644 F.3d 437, 440 (D.C. Cir. 2011)). Plaintiff then argued that present value must "reflect anticipated events" and "conform" with Treasury regulations that mandate assumptions realistically projecting future events. *Id.* (*citing* 29 U.S.C. § 1002(27)). But Plaintiffs' argument, case law, and supporting regulations apply to actuarial equivalence calculations that deal only with lump sum payments. The text of 29 U.S.C. § 1055(d) does not require that Plans employ certain assumptions or mortality tables. Similarly, § 1055 does not impute a "reasonableness" requirement on the actuarial equivalence computation,

3

and unlike the law applicable to a lump sum payment, there is no federal regulation to impute a reasonableness requirement. *See* C.F.R. § 1401(a)–20.

Although no binding case law addresses the precise issue, the Sixth Circuit and the United States Supreme Court clearly established applicable principles of statutory construction that require the Court to grant the motion to dismiss. Indeed, the Supreme Court warned that "ERISA's carefully crafted and detailed enforcement scheme provides strong evidence that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (quotation marks and quotations omitted) (emphasis in original). Courts should therefore be "reluctant to tamper with the enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text." *Id.* (cleaned up); *see also United States v. Edington,* 992 F.3d 554, 556 (6th Cir. 2021) (The plain language of a statute is the starting point for its interpretation.").

Tellingly, Congress included "reasonableness" requirements in other ERISA provisions and identified specific actuarial factors that should be used when calculating other payments. *See Belknap v. Partners Healthcare Sys., Inc.*, 588 F. Supp. 3d 161, 171 (D. Mass. 2022) (citing 29 U.S.C. § 1393(a)(1) (withdrawal liability calculations); 29 U.S.C. § 1085a(c)(3)(A) (plan funding requirements); and 29 U.S.C. § 1055(g) (calculation of lump sum benefits)). If Congress intended to include a reasonableness requirement in § 1055, it would have done so. And the Court must

4

assume the omission was intentional under appliable Supreme Court precedent. *See Knudson,* 534 U.S. at 209.

The Court sympathizes with Plaintiffs' position and agrees that "[t]aken to the extreme, the [D]efendants' argument suggests that they could have used any mortality table—presumably, even one from the sixteenth century—to calculate the plaintiffs' JSAs. If this were true, the actuarial equivalence requirement would be rendered meaningless." *Urlaub v. CITGO Petro. Corp.,* No. 21 C 4133, 2022 WL 523129, at *19 (N.D. Ill. Feb. 22, 2022). But the Court must apply the law that Congress passed and does not have the authority to make new policy. *See Ayotte v. Planned Parenthood of N. New England,* 546 U.S. 320, 330 (2006) (noting that "a court cannot "use its remedial powers to circumvent the intent of the legislature"). It would appear that a Congressional remedy would provide a path to address reasonable concerns about extreme application of mortality data.

Plaintiffs brought their claim under 29 U.S.C. § 1132 (a)(3). That section provides a remedy for a violation of "any provision of this subchapter." But for the reasons stated above, the use of outdated mortality tables and assumptions does not violate the statute. The Court will therefore dismiss Plaintiffs' claim that Defendants violated § 1055 of ERISA. And because Plaintiffs failed to plead an ERISA violation, they cannot sustain a claim for breach of fiduciary duty based on an ERISA violation. The Court will accordingly dismiss Plaintiffs' claim that Defendants breached their fiduciary duty.

5

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss [23] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITH PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 17, 2024